**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHIEF 2 EAGLES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-516-JWD-RLB** |
| **STATE OF LOUISIANA ADMINISTRATION OFFICE OF THE GOVERNOR, ET AL.** | |

*CONSOLIDATED WITH*

| | |
|---|---|
| **CHIEF 2 EAGLES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-517-JWD-RLB** |
| **STATE OF LOUISIANA ADMINISTRATION OFFICE OF THE GOVERNOR, ET AL.** | |

*CONSOLIDATED WITH*

| | |
|---|---|
| **CHIEF 2 EAGLES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-518-JWD-RLB** |
| **STATE OF LOUISIANA, ET AL.** | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 27, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CHIEF 2 EAGLES**                                                          **CIVIL ACTION**

**VERSUS**                                                                       **NO. 25-516-JWD-RLB**

**STATE OF LOUISIANA ADMINISTRATION
OFFICE OF THE GOVERNOR, ET AL.**

*CONSOLIDATED WITH*

**CHIEF 2 EAGLES**                                                          **CIVIL ACTION**

**VERSUS**                                                                       **NO. 25-517-JWD-RLB**

**STATE OF LOUISIANA ADMINISTRATION
OFFICE OF THE GOVERNOR, ET AL.**

*CONSOLIDATED WITH*

**CHIEF 2 EAGLES**                                                          **CIVIL ACTION**

**VERSUS**                                                                       **NO. 25-518-JWD-RLB**

**STATE OF LOUISIANA, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are Chief 2 Eagles' ("Plaintiff") (i) Amended Complaint, (ii) Response

to Order to Show Cause; Notice of Treaty Supremacy and Non-Consent; Motion for Article III

Determination; and Motion for Extension of Time and Service by U.S. Marshals (the "First

Response"), (iii) 2nd Motion in Response to Order to Show Cause (the "Second Response"), and

(iv) Motion to Correct Amended Complaint Scribbners Error and Add Additional Defendants

(the "Motion to Amend"). (R. Docs. 30; 32; 34; 35).

I.      **Background**

In the consolidated cases, Plaintiff sued the Louisiana Administration Office of the

Governor, Attorney General Liz Murrill, Jeff Williams, Tyler M. Bosworth of the Louisiana

Department of Wildlife and Fisheries, and Dixie Electric Membership Corporation (the "Original

Defendants") on or about June 13, 2025.[1] On August 29, 2025, Plaintiff was informed it would be his responsibility to serve the Original Defendants by October 28, 2025, with a failure to serve to result in an order to show cause why his claims should not be dismissed. (R. Doc. 19). Yet, Plaintiff did not provide summons until November of 2025, so it was not until December 3, 2025, that the Clerk of Court (the "Clerk") could give Plaintiff summons issued to the Original Defendants. (R. Docs. 26; 34).

Plaintiff did not complete service after receiving the summons; instead, he filed an Amended Complaint on December 10, 2025, suing twenty defendants. (R. Doc. 30). On December 11, 2025, this Court ordered Plaintiff to show cause why his claims should not be dismissed for lack of service. (R. Doc. 29). Plaintiff filed his First Response on December 19, 2025, failing to explain why service was not made and asking that it be made by the U.S. Marshals. (R. Doc. 32). On January 5, 2026, Plaintiff filed his Second Response, stating that, in November of 2025, he submitted summons and a motion regarding U.S. Marshals service,[2] but was told by the Clerk there was no list of defendants in PACER since the file was too large. (R. Doc. 34). Also on January 5, 2026, Plaintiff filed a Motion to Amend, seeking to submit more exhibits, revise the spelling of two defendants' names, and add four defendants. (R. Docs. 35; 36).

## II.    Law and Analysis

### A.    Whether Plaintiff May Be Afforded Additional Time for Service

Fed. R. Civ. P. 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant

---

[1] As Plaintiff was representing the Louisiana Band of Choctaw Indians as a non-attorney, claims relating to its interests were dismissed, leaving only Plaintiff's personal claims against the Original Defendants. (R. Doc. 22).

[2] No such motion regarding service by the U.S. Marshals is present in the record, so the Court does not consider this.

or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. "Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (citation and internal punctuation omitted). "Additionally, some showing of good faith . . . and some reasonable basis for noncompliance within the time specified is normally required." *Id.*

Fed. R. Civ. P. 4(m) is applied more leniently to *pro se* litigants, but "when the failure of effective service may be ascribed to the plaintiff's 'dilatoriness or fault' or 'inaction,' the case may properly be dismissed." *Mayeaux v. McKee*, No. 14-72, 2014 WL 7186275, at *2 (M.D. La. Dec. 16, 2014) (citations omitted). Further, "[a]lthough a *pro se* plaintiff may rely on service by the U.S. Marshal[s], he may not remain silent and do nothing to effectuate such service, and should attempt to remedy any defects of which he has knowledge." *Walker v. McKey*, No. CV 19-00396-BAJ-RLB, 2021 WL 4823265, at *1 (M.D. La. Oct. 15, 2021). "Actions falling into the category of inadvertence, mistake or ignorance of counsel are not excusable neglect and do not establish good cause for extending" the service period. *Traina v. United States*, 911 F.2d 1155, 1157 (5th Cir. 1990). Based on the following, the Court finds Plaintiff never attempted to timely effectuate service through the U.S. Marshals and that, despite being given an opportunity to do so, Plaintiff has failed to show good cause for his failure to serve.

On August 29, 2025, Plaintiff was told he must serve the Original Defendants by October 28, 2025, and that a failure to serve would result in an order to show cause why his claims should not be dismissed. (R. Doc. 19). By the deadline, Plaintiff had filed no proof of service and had made no request for service by the U.S. Marshals; it was not until November of 2025 that he submitted summons to the Clerk. (R. Doc. 34). When summons were issued, Plaintiff did not

serve the Original Defendants but instead filed the Amended Complaint. (R. Doc. 26; 30). By the time Plaintiff had filed his First and Second Responses to this Court's show cause order, it had been four months since Plaintiff learned of his service deadline. (R. Docs. 19; 29; 32; 34).

Yet, in neither the First or Second Responses has Plaintiff provided a reason for why he failed to timely serve the Original Defendants or why he failed to timely request that the U.S. Marshals do so. As Plaintiff reveals no good cause for failing to serve the Original Defendants by October 28, 2025, the Court could recommend dismissal of this case. However, even in the absence of good cause, courts have discretion "to order that service be made within a specified time" as a dismissal alternative. Fed. R. Civ. P. 4(m); *see Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) ("We agree with the majority of circuits that have found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause."). This Court finds it would be inconsistent with judicial economy to dismiss Plaintiff's case, only for him to refile it with more defendants. Accordingly, this Court recommends that Plaintiff be given more time within which to complete service via the U.S. Marshals.

At this time, however, the undersigned does not recommend that the U.S. Marshals be ordered to effect service upon all of the defendants, as discussed more fully below.

**B.        Whether Many Defendants May be Dismissed Under 28 U.S.C. § 1915**

As mentioned above, instead of serving timely the Original Defendants, Plaintiff filed an Amended Complaint on December 10, 2025. (R. Doc. 30). As Plaintiff is proceeding *in forma pauperis*, this Court may assess the Amended Complaint to determine whether it should be dismissed for failing "to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2). In the Amended Complaint, Plaintiff sued twenty defendants (the "New Defendants"), none of which were listed in the original complaints of the consolidated cases (collectively, the "Original

Complaint"). (R. Doc. 1); (25-517-JWD-RLB, R. Doc. 1); (25-518-JWD-RLB, R. Doc. 1). Of

the New Defendants, only Alvin F. Landry, Greg Ledak, and Cole Garrett's actions were noted:

> The State of Louisiana, Louisiana Department of Wildlife and Fisheries in a administrative Judge hearing stated that the LDWF does NOT have Jurisdiction over The Sovereign Nation of the Louisiana Band of Choctaw Indians Treaty Rights to Hunt, Trap, Fish and Gather. This was stated by the Judge, Attorneys A.F. Landry, and Cole Garret. During that hearing the Supervisor over Licensing stated that LDWF does in fact accept Tribal ID'S for licensing but only for Non Resident(s). please see the transcript already on the record, the transcribed recording of Greg Ledak and person working the desk in the licensing department.

(R. Doc. 21 at 1) (referenced in the Amended Complaint). The rest of the New Defendants were

only listed as defendants, with no specific allegations directed to them. New allegations were

only added regarding Jeff Williams, but he was no longer listed as a defendant:

> I drilled a water well on my Allodial Title property and East Feliciana Parish Building Inspector Jeff Williams has refused to send DEMCO authoriz-ation to turn on the existing meter that has been previously installed and ready for activation. Under a Allodial Title I am EXEMPT from ANY form of permits or taxes. The definition of Allodial is (OWING TO NO ONE). This is Deprivation & Violation of Rights Under Color of LAW. Jeff Williams has refused to acknowledge Allodial Title Rights protected under the Constitution. Allodial Title is complete and total ownership (TRUE TITLE) Once the Allodial Title is brought forward the Government relinquishes ALL Title & Interest. Jeff Williams states that he has conferred with multiple attorneys and other agencies within the State and that the State of Louisiana does NOT recognize Allodial Titles. This demonstrates conspiracy and collusion to deprive rights under the color of law, that are protected by the U.S. Constitution, & Natural Law. (RICO)

(R. Doc. 30 at 11).

A complaint fails to state a claim upon which relief may be granted when it fails to plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal

for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above

the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic

recitation of the elements of a cause of action" will not suffice to state a claim upon which relief may be granted. *Id.* Plaintiff fails to state a cause of action against any of the New Defendants.

First, Plaintiff has failed to properly raise a U.S. Constitution claim, a Racketeer Influenced and Corrupt Organizations Act ("RICO") claim, or conspiracy or collusion claim in his new set of allegations regarding Jeff Williams. These attempted claims by Plaintiff against Jeff Williams fail as he has not alleged that Jeff Williams was engaging in racketeering (especially as this appears to have been a one-time occurrence), and he has named no specific portion of the U.S. Constitution under which he is bringing a general or conspiracy claim via 42 U.S.C. § 1983. *See Zastrow v. Houston Auto Imports Greenway Ltd.*, 789 F.3d 553, 559 (5th Cir. 2015) (To plead a civil RICO claim, a plaintiff must allege the existence of: "1) a person who engages in 2) a pattern of racketeering activity, 3) connected to the acquisition, establishment, conduct, or control of an enterprise."); *see also James v. Tex. Collin Cnty.,* 535 F.3d 365, 373 (5th Cir.2008) (quoting *Moore v. Willis Indep. Sch. Dist.,* 233 F.3d 871, 874 (5th Cir.2000)) ("To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'"); *see also Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995) (To avoid dismissal of a 1983 conspiracy claim, a plaintiff first must show "an actual violation of section 1983.").

Second, Plaintiff's claims against Alvin F. Landry, Greg Ledak, and Cole Garrett fail. It is only clear that Plaintiff is alleging that Alvin F. Landry and Greg Ledak told him Louisiana has no jurisdiction over the Louisiana Band of Choctaw Indians regarding their hunting, trapping, and fishing. Plaintiff is not alleging that they were incorrect in stating this; he apparently is only using their statements to support his own arguments, not as support that they should be held liable to him for any reason. The same is true for Cole Garrett, who it appears only recorded

these alleged statements by Alvin F. Landry and Greg Ledak. Put simply, it does not appear Plaintiff has brought *any* claims against these defendants. As such, any claims Plaintiff was attempting to bring may be dismissed as he has failed to state a claim against these defendants.

Third, as noted above, Plaintiff has detailed none of the other New Defendants' actions. At most, Plaintiff has noted that he is bringing the following claims against them:

> Plaintiff claims deprivation of Treaty Rights, 1981, 1983, 1984, 1985 Deprivation of Rights Under the Color of Law, RICO. The U.S. Government & State Actors acted in concert to deprive myself . . . of the Louisiana Band of Choctaw Indians rights to Allodial Title, Water Rights, & Hunting, Trapping, Fishing, & Gathering Rights, after being given copies of treaties and letters of exemption under various treaties. (See Affidavit already in the Record)

(R. Doc. 30 at 8). None of the above explains why the New Defendants are liable to Plaintiff, nor are any of the New Defendants (aside from those mentioned above) mentioned in the referenced affidavit. The above "labels and conclusions" will not suffice to state a claim upon which relief may be granted; thus, the Amended Complaint may be dismissed as a whole. *Id.*

### C.    Whether Plaintiff's Entire Case Must be Dismissed

Ordinarily, an "amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts by reference the earlier pleadings." *Id*. Yet, given Plaintiff's *pro se* status and his attempt to include the Original Complaint by referencing the affidavit most relevant to it, this Court will not dispose of the entire case based on its 28 U.S.C. § 1915 review of the Amended Complaint, but will instead assess the Original Complaint also under 28 U.S.C. § 1915. *See Griffin v. CPS/OCR Off.*, No. 5:20-CV-219-H-BQ, 2021 WL 1520010, at *2 (N.D. Tex. Feb. 18, 2021), *report and recommendation adopted,* No. 5:20-CV-219-H-BQ, 2021 WL 1516387 (N.D. Tex. Apr. 16, 2021) (while "an amended complaint ordinarily supersedes an original complaint . . . , the Court considered both in evaluating [a plaintiff's] claims" when conducting a 28 U.S.C. § 1915 analysis); *see also*

*Scheppf v. U.S. Att'y Gen.*, No. CV 16-575-JWD-EWD, 2018 WL 813589, at *2 (M.D. La. Feb. 9, 2018) (court disagreed with argument that defendant should be dismissed solely because Plaintiff forgot to include the defendant in the body of the amended complaint but still included the defendant in the case caption, finding the defendant was an intended defendant in both the original and amended complaints). Because Plaintiff is a *pro se* litigant, the Court will afford him "some measure of latitude in [his] complaint and in the errors [he] might make[,]" especially because a number of the Original Defendants are listed in the caption of the Amended Complaint. *Newsome v. E.E.O.C.*, 301 F.3d 227, 233 (5th Cir. 2002); *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* pleadings are held to "less stringent standards" than formal pleadings drafted by lawyers); (R. Doc. 30) ("U.S. Government[,] State of Louisiana Et, Al.").

This Court's 28 U.S.C. § 1915 review of the Original Complaint is a short one, however. This Court already declined to dismiss Plaintiff's claims against the Original Defendants in its initial 28 U.S.C. § 1915 review on August 21, 2025, following a *Spears* hearing where this Court was able to glean more information from Plaintiff.[3] The Court finds no reason to come to a new conclusion now, and maintains that these Original Defendants should still be served. The Court will reassess whether dismissal of Plaintif's claims against them is warranted following the filing of any motions to dismiss by the Original Defendants. Thus, although the Court is recommending that the Amended Complaint's claims be dismissed, the Amended Complaint should merely be struck so that the Original Complaint will remain the current complaint in the case without requiring Plaintiff to refile the case following an unnecessary dismissal of the entire case.

---

[3] "The Court refrains from making any recommendations regarding whether Chief 2 Eagles' claims on behalf of himself have been properly alleged." (R. Doc. 18 at 4).

### III.     Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that the **U.S. MARSHALS BE ORDERED TO SERVE** the original summons and complaint on the Louisiana Administration Office of the Governor, the Attorney General Liz Murrill, Jeff Williams, Tyler Bosworth, and Dixie Electric Membership Corporation[4] after Plaintiff sends the U.S. Marshals a completed **U.S. MARSHALS FORM 285** for each defendant.

**IT IS FUTHER ORDERED** that Plaintiff shall submit completed U.S. Marshals Forms 285 for each defendant with an accurate, physical service address for each. These forms shall be submitted within 14 days of the docketing of this order.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims within the Amended Complaint (R. Doc. 30) be **DISMISSED WITHOUT PREJUDICE**, with the Clerk's Office **TO STRIKE** the Amended Complaint (R. Doc. 30) and with the Motion to Amend (R. Doc. 35) to be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on April 27, 2026.

_____

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Of note, Plaintiff has not filed summons regarding Dixie Electric Membership Corporation ("Dixie").