UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHIEF 2 EAGLES,**<br><br>**Plaintiff,**<br><br>**VERSUS**<br><br>**STATE OF LOUISIANA ADMINISTRATION OF THE OFFICE OF THE GOVERNOR, ET AL.,,**<br><br>**Defendants.** | **NO. 3:25-CV-00516-JWD-SDJ**<br><br>**CONSOLIDATED WITH:**<br>**3:25-CV-00517-JWD-RLB**<br>**3:25-CV-00518-JWD-RLB** |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(6)**

Defendant, Dixie Electric Membership Corporation ("**DEMCO**"), respectfully submits this reply brief in support of its *Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(6)*. The Opposition filed by Plaintiff, Chief 2 Eagles, highlights that his Complaint was insufficient to state any plausible claim against DEMCO.

**I. Plaintiff's Opposition does not cure the deficiencies in his Complaint.**

Plaintiff's Opposition confirms the fundamental deficiencies identified in DEMCO's Motion. Rather than addressing the legal defects in the claims asserted in the Complaint, the Opposition largely abandons those claims in favor of a wide-ranging discussion of alleged account, deposit, service-activation, billing, and customer-service issues. In doing so, Plaintiff shifts away from the theories actually pleaded and toward what appear to be contractual or service-related disputes. The Court's Rule 12(b)(6) analysis, however, is limited to the allegations contained in the operative Complaint. *See Ferguson v. Bank of New York Mellon Corp.*, 802 F.3d 777, 780 (5th Cir.2015) ("We assess a Rule 12(b)(6) motion only on 'the facts stated in the complaint and the documents either attached to or incorporated in the complaint.'"). Plaintiff cannot amend his pleading through an opposition brief, nor can he rely on new factual allegations and alternative

theories to rescue claims that were insufficiently pleaded in the first instance. The Court must evaluate the Complaint that was filed, not the evolving narrative presented in Plaintiff's Opposition.

More importantly, the Opposition never meaningfully addresses the two central deficiencies identified in DEMCO's Motion: (1) the absence of any factual allegations plausibly establishing that DEMCO acted under color of state law, and (2) the failure to plead the essential elements of a civil RICO claim. Rather than confronting those issues, Plaintiff relies largely on factual assertions and arguments that do not appear in the Complaint, including allegations concerning deposits, service requests, communications, account administration, and alleged contractual obligations.

These new allegations cannot be considered in determining whether the Complaint states a plausible claim for relief. Indeed, their inclusion only underscores the insufficiency of the operative pleading and suggests Plaintiff's recognition that the Complaint, as drafted, does not state a viable federal claim against DEMCO. Once these new allegations and alternative theories are set aside, the Complaint remains exactly what DEMCO's Motion identified from the outset: a pleading that fails to plausibly allege state action, fails to plausibly allege a conspiracy under 42 U.S.C. §§ 1985 or 1986, and fails to plausibly allege a RICO violation. Accordingly, Plaintiff's Opposition provides no basis to deny DEMCO's Motion to Dismiss.

## II. Plaintiff failed to allege State Action or a Civil Rights Conspiracy.

As explained in DEMCO's Motion, liability under 42 U.S.C. § 1983 requires conduct fairly attributable to the State. Yet the Complaint contains no facts suggesting that DEMCO performed a function traditionally and exclusively reserved to the State, acted under governmental coercion or compulsion, or engaged in joint action with any governmental actor. Nor does it allege facts establishing the requisite nexus between DEMCO's conduct and the State. The Opposition does

not cure these deficiencies. Although Plaintiff invokes constitutional principles and broadly alleges wrongdoing, he identifies no factual basis from which the Court could plausibly infer that DEMCO was acting under color of state law. At most, Plaintiff alleges a dispute concerning utility services and account administration. Such allegations, even accepted as true, do not transform a private electric cooperative into a state actor. Accordingly, Plaintiff's § 1983 claim fails as a matter of law.

For the same reason, Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 also fail. The Complaint contains no factual allegations supporting the existence of an agreement or conspiracy involving DEMCO, and the Opposition offers none. Conclusory references to coordinated wrongdoing are insufficient to state a claim under § 1985, and absent a viable § 1985 claim, any § 1986 claim necessarily fails as well.

## III. Plaintiff failed to state a RICO claim.

The Opposition likewise fails to salvage Plaintiff's RICO allegations. As discussed in DEMCO's Motion, a civil RICO claim requires allegations establishing, among other things, the existence of an enterprise, predicate racketeering acts, and a pattern of racketeering activity. The Complaint plausibly alleges none of these elements. Significantly, the Opposition never explains how DEMCO's alleged conduct satisfies the statutory requirements of RICO. Instead, it focuses on alleged service failures, account disputes, communications, and other grievances that have no apparent connection to racketeering activity. Plaintiff identifies no predicate acts, no enterprise, and no pattern of racketeering activity. His conclusory references to fraud and conspiracy cannot substitute for well-pleaded factual allegations.

## IV. Conclusion

After stripping away the new allegations and alternative theories raised for the first time in Opposition, the Complaint remains exactly what DEMCO's motion identified: a pleading that does

not plausibly allege state action, does not plausibly allege a conspiracy under §§ 1985 or 1986, and does not plausibly allege a RICO violation. Plaintiff's Opposition does not rebut DEMCO's principal arguments contained in its *Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(6)*. It does not plausibly allege state action, does not plausibly allege a conspiracy, and does not come close to pleading the elements of a civil RICO claim. Instead, it introduces new factual allegations and appears to recast the dispute as a service or contract related disagreement. Accordingly, because Plaintiff has failed to state a plausible claim for relief against DEMCO, DEMCO respectfully requests that this Honorable Court grant its Motion and dismiss all claims against it.

Respectfully submitted,

TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.

By: ______________________

Thomas D. Gildersleeve, Bar # 28048
Emily A. Webb, Bar # 41978
450 Laurel Street, 8th Floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821-2471
Phone: (225) 387-3221
Fax: (225) 346-8049
***Attorneys for Dixie Electric Membership Corporation (DEMCO)***

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2026, a copy of the foregoing *Reply Memorandum in Support of Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(6)* was filed electronically with the Court using the CM/ECF system. Notice of this filing will be sent to all parties to this matter represented by counsel by operation of the Court's electronic filing system. I also deposited a copy of the foregoing motion addressed to the *pro se* plaintiff in U.S. Mail as follows:

Chief 2 Eagles
699 Hwy 409
Slaughter, LA 70777

Emily A. Webb